448 P.2d 339

DOANBUY LEASE AND CO., Inc., a corporation, Plaintiff-Appellant,

v.

Terrance MELCHER, individually and as Administrator of the Estate of Martin Melcher, Deceased et al., Defendants-Appellees.

No. 9215.

Supreme Court of New Mexico.

Aug. 30, 1971.

Losee & Carson, Artesia, for appellant.

Jennings, Christy & Copple, Roswell, for appellees.

## OPINION

STEPHENSON, Justice.

The trial court dismissed these four consolidated actions purporting to act under and impose sanctions pursuant to Rule 37(d) of the Rules of Civil Procedure [§ 21–1–1(37) (d), N.M.S.A., 1953]. Plaintiff-appellant (Doanbuy) appeals. We affirm.

The actions were brought to foreclose operator's liens under an oil and gas operating agreement or alternatively to foreclose statutory operator's liens against the defendants-appellees (Melcher Interests) and, so far as we are here concerned, are identical. A number of similar suits between these parties pend in other states.

The issues center upon the conduct of Mr. Jerome B. Rosenthal at the taking of his deposition. There is no question but that he is president of Doanbuy, although the Melcher Interests failed to obtain any such admission from him upon oral depositions. Mr. Rosenthal is a Doctor of Laws, has practiced in Illinois and is in practice in California. His status as an at-

torney is a factor of considerable weight in our decision.

The Melcher Interests moved the court for an order permitting them to take the depositions of Mr. Rosenthal and another in California. After the usual procedures, Mr. Robert Winslow, attorney for the Melcher Interests, attempted to take the deposition of Mr. Rosenthal in Los Angeles. Various difficulties arose during the course of the California deposition of a nature that caused the trial judge to comment at the July 1, 1970 hearing as we shall see. The deposition was terminated when at the close of the first day Mr. Rosenthal indicated he would not return the next day.

The Melcher Interests moved that Doanbuy's complaint against them be dismissed pursuant to Rule 37(d) of the Rules of Civil Procedure and on other grounds not here material.

A hearing was had on the motion following which the court ordered, inter alia, "that Plaintiff should be given a further opportunity to remedy the matters upon which said Motions are based," that the deposition should be promptly taken in New Mexico and that the motion of the Melcher Interests would thereafter "come on further to be heard." The next day, the Melcher Interests gave notice of the taking of depositions of Doanbuy "by its president," Mr. Rosenthal, in Roswell, New Mexico. The fact that the deposition was of a party and not a mere witness is another significant factor.

Thereafter, Doanbuy moved, pursuant to Rule 30 of the Rules of Civil Procedure [§ 21–1–1(30), N.M.S.A.,1953] for a protective order quashing the notice of taking of depositions or in the alternative to enter its order limiting the scope of and time allowed for the deposition.

On July 1, 1970, a hearing was had on the motion. At the conclusion of the argument, the court made certain comments regarding the California deposition which we deem noteworthy and which are as follows:

"* * * [I]t is also very apparent to me in this deposition that Mr. Rosenthal

was not going to give any information of any kind to any of the purported facts of the lawsuit, and he would make answers, 'I don't know; if I ever knew, I have forgotten', repeatedly throughout this deposition. I have never seen a deposition of anybody given like this was given, particularly of a lawyer. Maybe they practice law like that in California, I don't know. But, we certainly don't here. And, I am still of the opinion that the defendants are entitled to depose this man who signed the pleadings as an officer, and from what I gather and from what little he did say in his deposition, he was president at the time he signed it. And, for him to sit there and say that he just doesn't know anything about anything; doesn't know who does know; but the defendant should know, I just can't feel that he truthfully and fully answered the proper questions. * * * But right from the start, Mr. Rosenthal apparently had a chip on his shoulder and was just not going to answer anything. * * * "

Judge Nash again ruled that Mr. Rosenthal must come to New Mexico, but that the depositions could last no more than two days. He appeared in Roswell before a reporter for two days. On the second day, Mr. Winslow on behalf of the Melcher Interests terminated the deposition.

Mr. Rosenthal's conduct at the deposition is somewhat difficult to describe. Certainly the trial judge's remarks which have been quoted apply in rich full measure, but somehow the Roswell deposition seems worse than the one taken in Los Angeles. The statements of Mr. Rosenthal consisted of evasions, expressions of hostility, insults, admonitions, objections, demands that counsel explain what bearing questions had upon the issues as prerequisites to answering, arguments and other similar responses. Pages are consumed by statements of inability to remember, which strain credulity to the breaking point, and with refusals to answer questions because of a claim that a question is pending that the witness cannot understand and will not permit to be withdrawn. These are merely examples.

In any case, the Melcher defendants renewed their motion to dismiss under Rule 37(d) on the grounds that Mr. Rosenthal had refused to appear and give his deposition, notwithstanding the court order. A hearing was had on the motion, at the conclusion of which the court said, in part: " * * * I am convinced this man Rosenthal has refused to give a deposition and it appears he will continue to refuse to give one that will be of any assistance in helping clear up this matter. * * * "

The case was dismissed as to the Melcher Interests and it is from this order that Doanbuy appeals.

Doanbuy asserts that it was error for the court to have dismissed the case under Rule 37(d) since the witness appeared, was sworn and testified. It says the proper procedure would have been to file a motion under Rule 37(a), procure an order directing the witness to answer and, if upon another attempt to secure the testimony the order were disobeyed, make application for sanctions under Rule 37(b). Doanbuy relies on Independent Productions Corporation v. Loew's Incorporated, 283 F.2d 730 (2nd Cir. 1960) which does indeed support Doanbuy's position, as do a number of other cases in like vein.

Certainly, had the Melcher Interests so proceeded, their position would be clear, for such procedures are obviously contemplated by the Rules. We cannot say, however, that it was error for the trial court to proceed as it did under the peculiar facts of this case.

When a plaintiff in a civil action files a lawsuit, his adversaries are entitled to generally understand that he will proceed in a lawful manner and that compliance will be had with the Rules of Civil Procedure, including those relating to discovery.

In cases of this sort, depositions may go on for weeks or even months, involving substantial expense. The progress of cases

is hampered and delayed, the court dockets clogged and the beneficent purposes of discovery defeated by contumacious witnesses who refuse to be governed by the rules.

We are willing to assume that Mr. Rosenthal was well aware of his obligations and functions as a witness. If not, he was attended by competent counsel. A witness' function is a simple one—to answer questions. The telling of the truth, the whole truth and nothing but the truth is also highly regarded. It is not proper for a witness to evade, object, argue, engage in personalities and the like.

Doanbuy does not suggest what a further court hearing, direction to answer, or attempted deposition would have added to the overall picture. Certainly it had ample warning of the possible consequences of Mr. Rosenthal's behavior. The motion to dismiss because of conduct at the California depositions was hanging over its head. The trial court had repeatedly ordered the deposition taken, and had forcefully stated its views. How many times do Doanbuy and its president need be told to submit to depositions? We are much too concerned with the orderly and expeditious flow of cases through our trial courts to condone, even indirectly or by implication, Mr. Rosenthal's conduct. The courts of New Mexico have neither the time nor the inclination to indulge such querulous and petulant antics by civil litigants.

We are impressed with the reasoning of the court in Brady v. Hearst Corporation, 281 F.Supp. 637 (D.Mass., 1968) in which a strikingly similar fact situation was under consideration. That case involved a libel action. After notices of deposition were filed requiring plaintiff to appear and submit to an oral deposition, plaintiff refused to appear at the scheduled time. Defendants moved for a dismissal, but the court only directed that plaintiff appear again. What followed can best be described in the court's own words:

"An 83-page transcript of the abortive deposition of December 9 indicates that although plaintiff is a member of the bar she insisted on acting both as lawyer and witness at the deposition, despite the presence there of her associate counsel, and that in her dual capacity she refused to answer questions which were proper under Rule 26, Federal Rules of Civil Procedure, and reduced to a shambles all attempts by counsel for the defendants to take her deposition in an orderly and normal fashion. A reading of the transcript of this deposition indicates that what happened borders on the ludicrous. Having in mind that plaintiff as a member of the bar has at least as high an obligation as a lay witness to behave in an orderly and legal fashion, and to submit to orders of this Court relative to the taking of her pretrial deposition, I rule that her behavior on December 9 was tantamount to a refusal to submit to discovery, which forms an additional legally sufficient basis for the dismissal of this action."

■ We agree with the approach of the court in Brady and the views of the trial judge here that Mr. Rosenthal's conduct was tantamount to a refusal to appear. We fail to see how his physical presence added anything to the proceedings, nor why Doanbuy should be entitled to further directions or warnings. Since Mr. Rosenthal's conduct can only be equated with a refusal to appear, we hold that under the unusual facts of this case, Rule 37(d) is applicable and the court did not err in applying one of the sanctions permitted thereby.

Doanbuy makes the rather telling point that the Brady case stands alone. Indeed, this appears to be true, although other cases by implication support our ultimate decision. See Fong v. United States, 300 F.2d 400 (9th Cir., 1962); Bourne, Inc. v. Romero, 23 F.R.D. 292 (E.D.La., 1959); and Bourgeois v. El Paso Natural Gas Co., 20 F.R.D. 358 (S.D.N.Y., 1957), aff'd 257 F.2d 807 (2nd Cir., 1958). It stands alone no longer.

Finding no error, the trial court is affirmed.

It is so ordered.

McMANUS and OMAN, JJ., concur.