536 P.2d 1059

**Bruce J. HANCOCK, Appellant,**

**v.**

**ARIZONA CENTRAL CREDIT UNION, Appellee.**

**No. 1 CA-CIV 1933.**

Court of Appeals of Arizona, Division 1, Department C.

June 19, 1975.

Quince Dale Hatch, Mesa, for appellant.

Thomas J. McLaughlin, Phoenix, for appellee.

## OPINION

WREN, Judge.

The question presented on this appeal is whether the trial court abused its discretion in entering a default judgment against the appellant pursuant to Rule 37(b)(2), Rules of Civil Procedure, 16 A.R.S. We find that it did.

On November 18, 1970, appellee, Arizona Central Credit Union (Central), brought an action against appellant, Bruce J. Hancock, alleging default on a promissory note. Hancock answered and counterclaimed alleging a wrongful taking of collateral securing the note. Except for the appeal to this Court, Hancock proceeded in propria persona in this matter.

In January of 1971, Hancock appeared at a deposition called by Central, accompanied by an individual who was not an attorney. Apparently based either on Hancock's conduct, or the conduct of the other individual, Central terminated the deposition and moved for a protective order pursuant to Rule 26(c), R.Civ.P. The trial court denied the motion, but ordered that only Hancock or a duly licensed attorney could participate in the taking of the deposition.

Thereafter, Hancock missed three and possibly four scheduled depositions called by Central. He asserts that in each instance he gave Central notice of his inability to attend—apparently due to lack of transportation. Central then made a motion for an order striking the answer of Hancock on the grounds that he had willfully failed to appear for the taking of his deposition. On June 3, 1971, a hearing was held, at which time the trial court denied Central's motion to strike, but additionally ordered that Hancock appear for the taking of his deposition that same day. He appeared pursuant to the order, gave his name and address, but refused to answer other questions on the grounds that they invaded his privacy; and otherwise gave nonresponsive and evasive answers.

Central then made a motion for an order striking Hancock's pleadings or in the alternative, compelling him to answer the questions propounded.

On August 3, 1971, with Hancock present, Central's motion was heard by the trial court, following which a default judgment was entered against Hancock. This judgment was based upon the trial court's finding that Hancock had not complied with the order of June 3, in that the answers given by him to the questions propounded were evasive or not responsive.

Hancock's motion to set aside the default judgment was denied by the trial court, and final judgment was entered on January 31, 1971.

■ The dispositive question presented here is whether the procedural requirements of Rule 37(b) were complied with in rendering the default judgment. The rule sets forth certain sanctions for failure to comply with an order for discovery. One of the available sanctions listed is the rendering of default judgment against the disobedient party. Rule 37(b)(2)(C).[1] As is clearly obvious from the Rule, a necessary prerequisite for the imposition of any sanction in this case, was that Hancock shall have first violated an order of the court compelling discovery. It is this prerequisite that we find had not been met.

■ Hancock was found to have violated the court's order of June 3, which required appellant *to appear* at a deposition. Though his answers were evasive and not responsive, *he did appear* at the deposition and therefore complied with that order. *See* Independent Productions Corp. v. Loew's Inc., 283 F.2d 730 (2nd Cir. 1960); SEC v. American Beryllium & Oil Corp., 303 F.Supp. 912 (S.D.N.Y.1969); Westport National Bank v. Wood, 31 Conn.Sup. 266, 328 A.2d 724 (1974); *contra*, Brady v. Hearst Corp., 281 F.Supp. 637 (D.Mass.

1968); Womble v. Miller, 336 A.2d 138 (Md.App.1975); Doanbuy Lease and Co. v. Melcher, 83 N.M. 82, 488 P.2d 339 (1971); *see* 8 Wright & Miller, Federal Practice & Procedure § 2291 at 808–809 (1970). Accordingly, since no order of the court was violated the provisions of Rule 37(b)(2) were inapplicable, and the entry of a default judgment against Hancock pursuant to that Rule constituted an abuse of discretion by the trial judge.

■ The procedure that should have been followed by the trial court so as to properly invoke the sanctions of Rule 37(b)(2), was to have first issued an order compelling Hancock to answer the questions propounded to him. Such an order from the court, specific in its direction, was necessary to properly set the stage for relief under Rule 37(b)(2).

■ Though unnecessary for the disposition of this appeal, we note in passing that we find no merit in Hancock's contention that the procedural requirements contained in Rule 55(b), R.Civ.P. pertaining to default judgments, modifies or limits the application of Rule 37(b).

Rule 55(a) which sets the focus for other subsections of the Rule, provides for the entry of a default judgment against a party who "has failed to plead or otherwise defend as provided by these Rules." This section is directed to instances where a party by neglect or inactivity has failed to prosecute or defend a suit. It is not applicable to cases where an order for discovery is disobeyed. *See* Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *but cf.* Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962); 6 Moore's Federal Practice ¶ 55.12 (1974).

---

1. Rule 37(b)(2) provides:
   "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

   ❖      ❖      ❖      ❖      ❖

   "(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . ."

The default judgment is set aside and this cause is remanded for such further proceedings as are appropriate under this opinion.

NELSON, P. J., Department C, and FROEB, J., concur.