688 P.2d 632
**GULF HOMES, INC.,**
**Plaintiff/Appellant/Cross-Appellee,**

v.

**Wilfred G. BERON and Kathryn Beron, husband and wife, Defendants/Appellees/Cross-Appellants.**

**No. 17437–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 12, 1984.

Reconsideration Denied
Oct. 23, 1984.

---

Stephen C. Birringer, Scottsdale, for plaintiff/appellant/cross-appellee.

Southern Arizona Legal Aid, Inc., Tucson by Charles R. Pyle, for defendants/appellees/cross-appellants.

CAMERON, Justice.

Wilfred and Kathryn Beron brought this petition for review of a memorandum decision of the Court of Appeals, which held that the trial court erred in entering a default judgment against the plaintiff, Gulf Homes, Inc. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3) and A.R.S. § 12–120.24.

We must answer two questions:

1. Was the failure of the deponent, Max Morgan, President of Gulf Homes, Inc., to answer questions or give only uninformative answers tantamount to failing to appear for the deposition?

2. Was it an abuse of discretion for the trial court to enter a default judgment pursuant to Rule 37(b)(2), Arizona Rules of Civil Procedure, 16 A.R.S.?

The facts follow. Gulf Homes, Inc., sold the Berons a mobile home on 15 March 1976. The Berons defaulted on the monthly payments and Gulf, in 1979, sued them alleging default. The Berons counterclaimed alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., the Arizona Retail Installment Sales Transactions Act, A.R.S. § 44–6001, et seq., breach of duty of good faith, breach of warranty, unconscionability, and breach of warranty of title. After several attempts by the Berons to take the deposition of the president of Gulf Homes, Max Morgan, Gulf moved for a protective order. The trial court denied the motion and ordered the deposition for 12 May 1981. Morgan appeared but, as the Court of Appeals noted, was "totally unresponsive despite the fact that he had been previously advised by appellees of the substance and nature of the questions to be asked."

As a result of Morgan's conduct, the Berons moved for sanctions pursuant to Rule 37(b), supra. The trial court found Morgan's conduct "was tantamount to a refusal to appear and answer questions." The court then ordered Gulf's reply to the Berons' counterclaims stricken and entered a default against Gulf on those counterclaims. A hearing on damages was held and a judgment rendered therefrom. Gulf appealed to the Court of Appeals from that judgment. The Court of Appeals reversed the trial court in a memorandum decision and we granted Berons' petition for review.

## FAILURE TO ANSWER

■ Although Morgan did appear as ordered by the court, he was hardly a willing witness. His testimony reads in part:

Q In the past year how many mobile homes has Gulf Homes sold?

A I don't know.

Q Would it [be] more than ten?

A Doubtful.

Q It would be less than ten?

A I don't know.

Q In the past year how many mobile homes has Gulf Homes leased?

A I don't know.

Q Who would know how many mobile homes Gulf Homes has sold in the past year?

A I don't know.

Q Who in the corporation would have information as to how many mobile homes were sold? Anybody? Anybody other than yourself?

A No one other than myself and I don't know.

Q What records would indicate how many mobile homes were sold in the past year?

A I said I don't know.

Q The question is a little different. I am asking what records would indicate how many mobile homes have been sold by Gulf Homes in the last year?

A I don't know.

Q Who would know what records of Gulf Homes, Inc., would indicate how many mobile homes have been sold by Gulf Homes in the last year?

A If anyone would know, I would know. I am the manager and I don't know. It's been very few.

Q In 1980 how many mobile homes were sold by Gulf Homes, Inc.?

A I don't know, but it would be very few. Very, very few.

Q Would it be less than ten in 1980?

A I would think substantially, yes.

Q Could it be less than five?

A I don't know. I don't get down to specifics. I don't know. I don't know.

\* \* \* \* \* \*

Q This particular case involves a contract for title to a mobile home between Gulf Homes, Inc. and Wilfred Beron and his wife. Are you familiar with the circumstances of the sale of that mobile home to the Berons?

A Well, I was. I haven't reviewed it, and I don't recall it, but at the time of trial I will go back and review it.

\* \* \* \* \* \*

Q Is it your testimony today that there is no one in Gulf Homes that has the records or the knowledge as to how the mobile home in issue has been disposed of since you recovered it in March of '79?

A I am the only one and I haven't checked it so I don't know.

Q You did not check it prior to this deposition?

A No, I didn't. I further don't think it has any bearing on it.

The trial court found "that the conduct of the deponent, Max T. Morgan, President and Manager of Gulf Homes, Inc., was tantamount to a refusal to appear and answer questions." We agree.

Our rules provide:

(3) *Evasive or incomplete answer.* For purposes of this subdivision an eva-

sive or incomplete answer is to be treated as a failure to answer.

Rule 37(a), Arizona Rules of Civil Procedure, 16 A.R.S.

We believe subsection (3) applies to the facts of this case. After the Berons had been forced to obtain an order to compel Morgan to appear, Morgan appeared but refused to cooperate in answering the questions. Such conduct frustrates discovery, prolongs the trial process, and should not be condoned by the courts. Morgan's conduct was, we believe, tantamount to a refusal to appear and a failure to answer. The trial court was correct in so finding.

## DEFAULT JUDGMENT

■ The Court of Appeals, relying on *Hancock v. Arizona Central Credit Union*, 24 Ariz.App. 167, 536 P.2d 1059 (1975), reversed the trial court's decision, holding that the proper remedy for failure to answer questions at a deposition is an order compelling an answer under Rule 37(a)(2). The court held that Rule 37(b) only applies if a deponent fails to answer a question after being ordered to answer that specific question by the trial court. It noted that the order from the trial court only ordered Morgan to appear at the deposition, and because Morgan did appear a default judgment was improper. We do not agree. When it is obvious that a deponent has no intention of answering legitimate questions asked at a deposition, it should be no excuse that the deponent is physically present. Once the trial court finds that the conduct is the same as if he did not attend at all, Rule 37(d) provides that sanctions may be imposed. This rule states:

> 37(d) **Failure of party to attend at own deposition** * * *. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, * * *, the court in which the action is pending on motion may make such orders in re-

gard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

Rule 37(d), Arizona Rules of Civil Procedure, 16 A.R.S. Paragraphs (A), (B), and (C) of subsection b(2) of this rule allow a wide range of sanctions for failure to obey an order in discovery, and subsection (C) specifically allows a dismissal of the action or default judgment to be entered.

In *Hancock*, supra, the Arizona case relied upon by the Court of Appeals, the defendant failed to appear for depositions several times. The trial court finally ordered the defendant to appear, but he refused to give more than his name and address. The Court of Appeals held that because the defendant had not been ordered to *answer* the questions, the trial court should not have granted the plaintiffs' motion to strike the defendant's pleadings. The court held the proper procedure would be for the plaintiffs to obtain an order compelling defendant to answer, and if he then refused the sanction would be appropriate. The Court of Appeals in *Hancock* stated:

> Hancock was found to have violated the court's order of June 3 which required appellant *to appear* at a deposition. Though his answers were evasive and not responsive, *he did appear* at the deposition and therefore complied with that order. * * * Accordingly, since no order of the court was violated the provi-

sions of Rule 37(b)(2) were inapplicable, and the entry of a default judgment against Hancock pursuant to that rule constituted an abuse of discretion by the trial judge.

The procedure that should have been followed by the trial court so as to properly invoke the sanctions of Rule 37(b)(2), was to have first issued an order compelling Hancock to answer the questions propounded to him. Such an order from the court, specific in its direction, was necessary to properly set the stage for relief under Rule 37(b)(2).

*Hancock,* supra, at 169, 536 P.2d at 1061 (citations omitted, emphasis in original).

In *Hancock,* the court relied on three cases to support its holding, *Independent Productions Corp. v. Loew's Inc.,* 283 F.2d 730 (2nd Cir.1960); *SEC v. American Beryllium & Oil Corp.,* 303 F.Supp. 912 (S.D. N.Y.1969); and *Westport National Bank v. Wood,* 31 Conn.Sup. 266, 328 A.2d 724 (1974). In each of the cases, the deponent appeared but refused to answer questions, based on Fifth Amendment grounds against self-incrimination. That is not the case here.

The *Hancock* court, however, also cited cases in which the sanction of dismissal was approved. In *Brady v. Hearst Corp.,* 281 F.Supp. 637 (D.Mass.1968), the plaintiff, an attorney, refused to appear at a deposition. The defendants moved to dismiss, but the court "exercised its discretion in her [plaintiff's] favor" and ordered a new deposition. At that deposition, the plaintiff refused to answer questions. The district court, after deciding that all the grounds under which the plaintiff refused to answer were improper, used the failure to answer as a ground for dismissal. (The court also dismissed the three allegations for other reasons.) *Id.* at 641–42. In *Doanbuy Lease and Co. v. Melcher,* 83 N.M. 82, 488 P.2d 339 (1971), the plaintiff's president, an attorney, was deposed but gave evasive answers. After the defendant moved for sanctions, the court ordered another deposition but the president claimed he could not remember anything at that deposition. The court granted dismissal.

We think the facts of *Brady* and *Doanbuy* are more similar to the facts in this case than the facts of the cases cited by the *Hancock* Court in support of its decision. There was no claim of Fifth Amendment privilege in the instant case. Morgan was ordered to appear after failing to appear several times and after the trial court failed to grant Gulf's motion for a protective order. He was informed of the subject matter of the deposition. He did appear, but was unresponsive. The trial court then found his actions were tantamount to failure to appear and entered a default judgment on the petitioners' counterclaims.

The United States Supreme Court has stated:

The question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing.

\*        \*        \*        \*        \*        \*

There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened, so that even though he succeeds in having the order reversed on appeal he will nonetheless comply properly with future discovery orders of the district court.

But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals re-

mained undisturbed in this case, it might well be that *these* respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts. Under the circumstances of this case, we hold that the District Judge did not abuse his discretion in finding bad faith on the part of these respondents, and concluding that the extreme sanction of dismissal was appropriate in this case by reason of respondents' "flagrant bad faith" and their counsel's "callous disregard" of their responsibilities.

*National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747, 751 (1976).

The questions asked were material to the claims of the petitioners. Morgan was advised of the subject matter of the questioning before the deposition, and had an opportunity to prepare for the questions. He admitted he would review the matter before trial. By failing to cooperate, Morgan injected a factor of delay into the discovery process and exacerbated the costs inherent in the litigation. This was flagrant bad faith, and showed a knowing and callous disregard of the court's order to appear for the taking of his deposition. Morgan's conduct violates the spirit, if not the letter, of Rule 1, Arizona Rules of Civil Procedure, 16 A.R.S. We hold that the trial court in this case did not abuse its discretion in granting the petitioners' motion for default judgment.

The decision of the Court of Appeals is vacated and the holding of the trial court is affirmed. To the extent this opinion is inconsistent with the holding of *Hancock, Hancock* is overruled.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.