704 P.2d 819

**OLD PUEBLO PLASTIC SURGERY, P.C., an Arizona Corporation, Plaintiff/Appellee,**

v.

**Betty Sue FIELDS, Defendant/Appellant.**

**No. 2 CA–CIV 5273.**

Court of Appeals of Arizona, Division 2, Department B.

April 18, 1985.

Review Denied June 25, 1985.

Chandler, Tullar, Udall & Redhair by Dan Cavett, Tucson, for plaintiff/appellee.

Jerry L. Smith, Flagstaff, for defendant/appellant.

## OPINION

LIVERMORE, Judge.

On January 7, 1983, Old Pueblo Plastic Surgery, P.C. (Old Pueblo) filed a complaint against Betty Sue Fields requesting a money judgment for physician fees and services. Ms. Fields, acting *pro per*, filed an answer and counterclaim on February 15, 1983. The counterclaim alleged medical

malpractice. Old Pueblo answered the counterclaim on February 23, 1983.

On April 11 and April 15, 1983, Fields was served with interrogatories. In June 1983 Old Pueblo filed a motion to compel answers to these interrogatories under the provisions of Rule 37(a), Rules of Civil Procedure, 16 A.R.S. A hearing on the motion was set for July 14, 1983. Ms. Fields wrote to the judge on June 27, 1983, requesting an extension. She cited two reasons: (1) she needed time to find a lawyer and (2) as a result of an accident on May 9 she had surgery in mid-June and estimated the recovery time to be three or four months.

The minute entry for July 14, 1983, indicates that the motion to compel was "unopposed." It was ordered that Ms. Fields answer the interrogatories within 30 days. The court noted that "[f]ailure to make a timely answer may result in sanctions." The interrogatories went unanswered. On October 11, 1983, Old Pueblo moved to strike Ms. Fields pleadings and, in the alternative, an order to compel answers to the interrogatories.

On October 27, 1983, the court ordered Ms. Fields to file answers by November 10, 1983. The minute entry notes that Ms. Fields had "been given several extensions to answer said interrogatories" and, if she failed to answer by November 10, counsel for Old Pueblo would have "leave to request sanctions, including striking defendant's pleadings...." On November 17, 1983, Old Pueblo moved to strike Ms. Fields' pleadings, pursuant to Rule 37(d), Rules of Civil Procedure, 16 A.R.S., based on her failure to file the answers. A hearing on the motion was held on November 28, 1983. Ms. Fields was contacted by telephone and gave a statement. Old Pueblo's motion was granted and the counterclaim was dismissed with prejudice.

On April 30, 1984, Ms. Fields, now represented by counsel, moved to set aside the judgment pursuant to Rule 60(c)(6), Rules of Civil Procedure, 16 A.R.S. The motion cited three reasons thought to justify the extraordinary relief available under Rule 60(c)(6):[1] (1) Ms. Fields, as a result of her injury in May, had been "so physically, mentally and emotionally distressed that she could not comply with the Court's Orders and discovery herein"; (2) she had been unable to obtain competent counsel; and (3) several of the non-uniform interrogatories were incomprehensible to a layman. The motion was denied by minute entry dated July 20, 1984.

■■■ Trial courts are given broad discretion under Rule 60(c) because they are in a better position in a particular case to balance the principle of finality of judgments and the principle of resolving issues on the merits. *Daou v. Harris,* 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984); *Hirsch v. National Van Lines, Inc.,* 136 Ariz. 304, 308, 666 P.2d 49, 53 (1983). An appellate court "will not upset a trial court's decision absent a clear abuse of that discretion." *Daou v. Harris,* 139 Ariz. at 359, 678 P.2d at 940.

■■■ We do not think that the trial court abused its discretion by denying relief under Rule 60(c)(6). The argument that Ms. Fields' "inability" to obtain counsel provides a valid reason for relief is without merit under the circumstances of this case.

"It is well established that where a party conducts his case in propria persona he is entitled to no more consideration than if he had been represented by counsel, and he is held to the same familiarity with required procedures ... as would be attributed to a qualified member of the bar." *Copper State Bank v. Saggio,* 139 Ariz. 438, 441, 679 P.2d 84, 87 (App.1983).

Rule 37(d), Rules of Civil Procedure, 16 A.R.S. provides, *inter alia,* that if a party fails

"(2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogato-

---

**1.** Rule 60(c) provides, *inter alia,* that "the court may relieve a party ... from a final judgment, order or proceeding for ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time...."

ries ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule."

The language of these subsections is quite clear. They allow the court to promulgate the following:

"(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses ...;

(C) An order striking out pleadings or parts thereof, or ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party," Rule 37(b)(2), Rules of Civil Procedure, 16 A.R.S.

Not only do the rules clearly allow for the sanction imposed in this case, the counterclaimant was informed that her continuing failure to answer the interrogatories might result in the application of the sanction of dismissal. She was given several extensions and was apparently notified that her failure to respond to the orders on the motions to compel could have severe consequences.

Even if one acting in propria persona were entitled to some special consideration, the facts of this case would not justify relief. Ms. Fields' failure to obtain counsel to pursue her counterclaim was due to her own lack of diligence. She realized as early as June that she needed legal counsel but apparently did not retain counsel until after judgment was entered five months later.

Ms. Fields' other arguments are equally weak. She initially claimed a medical excuse for an extension of time. Yet she failed to answer the interrogatories for many months, including a period beyond the time she originally designated as expected for recovery from surgery. Finally, the argument that the interrogatories were incomprehensible was made for the first time in the Rule 60(c) motion. The record does not indicate that Ms. Fields ever mentioned the difficulty of the questions as a reason for her failure to comply with the court's order that she answer the interrogatories.

This state's highest court has upheld a default judgment where a party ordered only to appear at a deposition has made his appearance but refused to cooperate in answering questions. The court noted that "[b]y failing to cooperate [the party] injected a factor of delay into the discovery process and exacerbated the costs inherent in the litigation." *Gulf Homes, Inc. v. Beron,* 141 Ariz. 624, 629, 688 P.2d 632, 637 (1984). Where a party has ignored a series of court orders to answer interrogatories the reasons for sustaining a dismissal are as compelling as the conduct leading to a default judgment in *Gulf Homes.*[2]

---

2. The order and judgment striking the counterclaim as a sanction for failing to comply with the discovery rules has an effect similar to a default judgment. The state supreme court has "consistently held that a motion to set aside a default judgment may be granted only when the moving party has demonstrated each of the following: that its failure to file a timely answer was excusable under one of the subdivisions of Rule 60(c); that it acted promptly in seeking relief from the default judgment; and that it had a substantial and meritorious defense to the action." *Daou v. Harris,* 139 Ariz. at 358–59, 678 P.2d at 939–40.

The first factor in the case at bench (i.e., the failure of Ms. Fields to comply with the discovery rules) is discussed at length in the body of the opinion.

As to the second factor, a four-month delay before lodging a motion to set aside is hardly "prompt." The only factor mentioned that could be construed as an explanation for the delay in filing the motion was that the counterclaimant could not find a lawyer. Given the facts of this case, the trial court could determine that this was not a reasonable explanation for the delay. See *United Imports and Exports, Inc. v. Superior Court,* 134 Ariz. 43, 46, 653 P.2d 691, 694 (1982) ("We cannot presume, nor should the trial court, that an unexplained delay of approximately thirteen weeks in seeking relief is 'prompt action' "); *Richas v. Superior Court,* 133 Ariz. 512, 515, 652 P.2d 1035, 1038 (1982) (trial court could not assume that an unexplained five-week delay in filing was reasonable).

The third factor, that the counterclaimant had a "substantial and meritorious" claim is also not readily apparent on the face of the motion. It is merely asserted that Old Pueblo was negligent. In the interrogatories filed with the motion, counterclaimant did not answer most of the questions related to her negligence claim but

In conclusion, the trial court's actions indicate tolerance and forebearance regarding Ms. Fields' continuing failure to comply with the court's orders. The admittedly harsh sanction of dismissing her counterclaim with prejudice followed a series of warnings. It resulted from her lack of diligence. Nothing in the record serves as a reason *justifying* relief from the judgment.

Affirmed. Costs, but not attorneys' fees, on appeal are awarded to Old Pueblo.

HATHAWAY, P.J., and LACAGNINA, J., concur.

stated that such information would be made available at a later date. A party must provide an affidavit indicating that there is a substantial and meritorious claim "and of what it consists." *Security Trust and Savings Bank v. Moseley,* 27 Ariz. 562, 234 Pac. 828 (1925). The showing in this case falls short of this standard. See, e.g., *Richas v. Superior Court,* supra.

In sum, counterclaimant's motion to set aside the judgment does not clearly meet any of the three criteria (each of which must be present) needed to justify relief. Had the trial judge granted the motion to set aside, there might have been an abuse of discretion. There was clearly no abuse of discretion in denying the motion.