NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

GENE R. MCDIVITT and PATRICIA A. MCDIVITT, husband and wife,
*Plaintiffs/Appellants/Cross-Appellees*,

*v.*

GOVERNMENT EMPLOYEES INSURANCE COMPANY, a corporation,
*Defendant/Appellee/Cross-Appellant*.

No. 1 CA-CV 15-0732
FILED 2-16-2017

Appeal from the Superior Court in Maricopa County
No. CV 2013-094119

The Honorable Katherine M. Cooper, Judge
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Arnett & Arnett PC, Chandler
By Wayne C. Arnett, Mark W. Arnett
*Counsel for Plaintiffs/Appellants/Cross-Appellees*

Lewis Roca Rothgerber Christie LLP, Phoenix
By Joshua Grabel, Ian M. Fischer
*Counsel for Defendant/Appellee/Cross-Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

**D O W N I E**, Judge:

¶1 Gene R. McDivitt and Patricia A. McDivitt (collectively, "Plaintiffs") appeal from a judgment entered in favor of Government Employees Insurance Company ("GEICO"). On cross-appeal, GEICO challenges the amount of attorneys' fees awarded it by the superior court. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Plaintiffs' 2003 Chevrolet Silverado truck — insured by GEICO — was totaled in an accident on January 2, 2013. On January 11, 2013, GEICO advised Plaintiffs it had valued their property damage claim at $12,856.57, before applying their $500 deductible. After Plaintiffs expressed dissatisfaction, GEICO revalued the truck at $13,214.26.[1] After deducting Plaintiffs' deductible and the vehicle's salvage value, GEICO determined it owed Plaintiffs $11,714.26 and sent them a check for that sum. GEICO also gave Plaintiffs a copy of a 29-page "market valuation report" generated by CCC One ("CCC") — a service GEICO used to calculate the Silverado's value.

¶3 Plaintiffs sued GEICO in June 2013, alleging claims for breach of contract, breach of the duty of good faith and fair dealing, and declaratory relief. The superior court dismissed the declaratory relief count, and it is not at issue on appeal.

¶4 The parties agreed to a February 28, 2015 discovery cut-off, and the superior court entered an order incorporating that deadline. The parties subsequently stipulated to extend the discovery deadline to March 20, 2015 "for the sole purpose of accommodating the deposition of Patricia Mc[D]ivitt."

---

[1] The second valuation "added a trailering package and improved the condition of the following components from 'average private' to 'dealer retail:' tires, seats, carpets, dashboard and headliner."

¶5        Disputes arose regarding a notice of deposition Plaintiffs issued in August 2014 pursuant to Arizona Rule of Civil Procedure 30(b)(6). The superior court became involved and directed GEICO to identify its Rule 30(b)(6) representative by February 6, 2015, provide dates for that individual's deposition, and disclose "categories of matters to be discussed." The court ordered the deposition completed by March 30, 2015 but did not otherwise extend the discovery deadline.

¶6        GEICO identified Martin Crowell as its Rule 30(b)(6) witness, offered dates for his deposition, objected to most of the topics listed in the Rule 30(b)(6) notice, and proposed a protective order. Without objection, the court signed the protective order and directed "Plaintiff to work with Defendant regarding the details and areas on which Plaintiff will concentrate." Plaintiffs thereafter issued an amended Rule 30(b)(6) notice that expanded two of the previously listed categories.

¶7        Crowell was deposed on March 12, 2015 but was unable to answer questions about GEICO's contracts with CCC or CCC formulas and calculations. Crowell did, however, testify about his "familiarity with the way CCC prepares and offers to GEICO total loss evaluations" and was able to answer some questions about the CCC report regarding Plaintiffs' vehicle.

¶8        In April 2015, GEICO filed a motion for summary judgment. A week later, Plaintiffs filed a motion to compel discovery, requested sanctions, and asked the court to extend discovery, arguing GEICO had failed to produce an appropriate Rule 30(b)(6) witness. On May 22, 2015 — the deadline for responding to GEICO's motion for summary judgment — Plaintiffs filed a request for relief under Rule 56(f), stating, in pertinent part:

> The Plaintiffs still do not know anything about the training of GEICO adjusters regarding the Arizona Department of Insurance regulations regarding total loss claims. We have learned nothing about GEICO's contract or contracts with CCC. We have learned nothing about the formulas, math, selection process, weighted averages, and baseline adjustments that were used to value the Plaintiffs' vehicle in the CCC report used by GEICO to value the Plaintiffs' vehicle. And we have not been given information about the inspection guidelines that were used to value the Plaintiffs' vehicle.

Plaintiffs asked the court to hold GEICO's summary judgment motion in abeyance pending the outcome of their motion to compel. In the event the court denied their Rule 56(f) request, Plaintiffs requested four weeks after that denial to respond to the motion for summary judgment.

**¶9** The superior court denied Plaintiffs' motion to compel and granted GEICO's motion for summary judgment. GEICO thereafter requested $124,446 in attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") section 12-341.01. Plaintiffs filed a motion for new trial as to the summary judgment ruling and a motion to reconsider the denial of their motion to compel. The trial court denied both motions. GEICO then supplemented its fee application, increasing its request to $138,691.

**¶10** The trial court awarded GEICO $16,500 in attorneys' fees and entered final judgment. Plaintiffs timely appealed, and GEICO timely cross-appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I. Plaintiffs' Motion to Compel, Request for Sanctions, and Request to Extend Discovery

**¶11** Plaintiffs contend GEICO led them to believe it would produce a witness who could testify about all of the subjects identified in their Rule 30(b)(6) deposition notice, but instead produced only a "warm body" after the close of discovery. The superior court concluded otherwise, and the record supports its determination.

**¶12** "A trial court has broad discretion in ruling on disclosure and discovery matters . . . ." *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013). An "'[a]buse of discretion' is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009). Trial judges are better equipped than appellate courts to determine whether a discovery violation has occurred "in the context of a given case," as well as the practical effect of any such violation. *Cf. Solimeno v. Yonan*, 224 Ariz. 74, 77, ¶ 9 (App. 2010) (discussing disclosure obligations).

**¶13** Plaintiffs' Rule 30(b)(6) notice asked GEICO to produce a representative to testify about 25 topics, including: (1) the "precise formulas and math" CCC used to calculate the value of Plaintiffs' vehicle; (2) how CCC calculated "the weighted average" discussed in its report; (3) the "formula used in calculating the $789 baseline adjustment for each of

the dealer vehicles listed in the CCC reports;" and (4) "The formula and criteria used in selecting the vehicles in the CCC database that would be used in the reports." Additional topics identified in the notice were contracts between CCC and GEICO and "Condition Inspection Guidelines" CCC cited in its report.

¶14 To the extent Plaintiffs contend GEICO was required to produce a CCC representative in response to their Rule 30(b)(6) notice, we disagree.[2] Upon receipt of a Rule 30(b)(6) notice, an entity must designate one or more representatives, "or other persons who consent to testify on its behalf." Ariz. R. Civ. P. 30(b)(6). Individuals so designated "shall testify as to matters known or reasonably available to the organization." *Id.* Plaintiffs cite no authority, and we are aware of none, that requires a party in receipt of a Rule 30(b)(6) notice to search for and produce a representative from an independent, non-party entity to address enumerated topics.

¶15 The court did not abuse its discretion by concluding that inaction by Plaintiffs, not misconduct by GEICO, led to the dearth of information about CCC and its report. Although Plaintiffs asserted that the "CCC report is what drives this whole case -- and why [Plaintiffs are] going to get punitive damages," Plaintiffs never asked GEICO to produce its contracts with CCC and never pursued discovery from CCC.

¶16 As early as August 14, 2014, GEICO placed Plaintiffs on notice that a CCC representative would likely be required to explain the Rule 30(b)(6) item labeled "the formulas in the CCC reports." And during a January 28, 2015 hearing, GEICO's counsel reiterated that "a number of the categories" identified in the Rule 30(b)(6) notice "are not things that our client . . . can answer." Five weeks before Crowell's deposition, GEICO wrote to Plaintiffs, stating, in pertinent part:

> Topics 6 through 24 [of the Rule 30(b)(6) notice] ask about formulas, math and calculations that are created by and used in CCC reports. The formulas, math and calculations referenced in these topics were generated and performed by CCC Value Scope Claim Services, which is a highly proprietary product of non-party CCC Information Services,

---

[2] The Arizona Rules of Civil Procedure were revised effective January 1, 2017 to reflect comprehensive stylistic and substantive changes. We cite the version of the rules in effect at the time of the relevant events.

Inc. ("CCC"). GEICO cannot speak to the actual calculations and/or formulas that CCC uses, as those are CCC's proprietary software. GEICO can speak generally as to its use of CCC and its software and its understanding of how CCC's software works, as well as GEICO's understanding of how CCC develops its database. GEICO can also discuss its knowledge that CCC is generally accepted within the insurance industry by insurers and regulators in determining the actual cash value of specific vehicles, but specific questions regarding CCC's formulas, math and calculations should be directed to CCC. GEICO cannot produce a witness to testify about the specific algorithms and codes involved in how CCC's products perform their functions.

GEICO also objected to other topics identified in Plaintiffs' Rule 30(b)(6) notice.

¶17 In addition, GEICO responded to interrogatories Plaintiffs propounded on the last day allowed for written discovery. In response to several interrogatories seeking information about CCC, GEICO stated:

Non-party CCC Information Services, Inc. ("CCC") provides GEICO and other auto insurers with products that are generally accepted within the insurance industry by insurers and regulators in determining the actual cash value of specific vehicles. The formulas, math and calculations referenced in this interrogatory were generated and provided to GEICO by a highly proprietary product of CCC. GEICO does not know the actual calculations, algorithms and/or formulas that CCC uses in determining value, as those are CCC's proprietary software. GEICO understands that CCC collects millions of pieces of information regarding comparable vehicles, options and related information on vehicle sales pricing nationwide, including substantial information in each geographic region of the country (including Maricopa County) and adjusts that information based upon the actual or expected sales price (rather than simply a sticker price) of those vehicles and the condition and options of the subject vehicle. GEICO also understands that CCC's collection of this data uses generally reliable methods for evaluating vehicle condition on an aggregate basis. CCC's products have been approved for use by

multiple governmental agencies throughout the U.S., including various state insurance commissioners/ departments.

**¶18** Against this backdrop, Plaintiffs point to an email GEICO sent in August 2014, stating that it was "working on identifying the appropriate witness." But as the superior court noted, this "very generic email" also advised: "With regard to the formulas in the CCC reports, this will likely require testimony from a CCC person but I will find what GEICO can testify to and what they cannot." Rejecting the assertion that Plaintiffs had been "sandbagged," the superior court stated:

> I do think, in all fairness, that the letter that you got before you all went back east [for Crowell's deposition] from [GEICO's counsel] made it very clear that their witness was not going to talk about [the CCC methodology] -- in fact, he says right here . . . that topics 6 through 24 of your 30(b)(6) notice about formulas, math and calculations are -- that's all CCC stuff. I mean, they did tell you up front that you were not going to get that from this particular witness.

The record supports the court's characterization.

**¶19** Plaintiffs' reliance on language in the protective order is misplaced. That order applies to "the production by the Parties or certain non-parties of certain documents and information that contain trade secrets or other commercially sensitive or proprietary information." But the order does not mention CCC and cannot reasonably be read as a representation that GEICO would produce "certain non-parties" for discovery purposes.

**¶20** *Gulf Homes, Inc. v. Beron*, 141 Ariz. 624 (1984), and *Groat v. Equity Am. Ins. Co.*, 180 Ariz. 342 (App. 1994), upon which Plaintiffs rely, are readily distinguishable. In *Gulf Homes*, the defendant corporation's president repeatedly responded, "I don't know" at a Rule 30(b)(6) deposition when asked basic, relevant questions about his company's product. 141 Ariz. at 626. In *Groat*, the defendant company's insurer produced an unknowledgeable administrative employee as the Rule 30(b)(6) representative. In upholding an award of sanctions in that case, we held that "[p]roviding an uninformed warm body for a Rule 30 deposition approximates providing no one at all." 180 Ariz. at 346, 348.

**¶21** GEICO, in contrast, produced a witness who was able to answer some questions Plaintiffs posed. More fundamentally, the record

amply supports the court's finding that Plaintiffs knew in advance "no 30(b)(6) witness could testify regarding CCC's method of computation, calculations, software, etc., that those were areas that Plaintiffs would need to obtain information about directly from CCC." The record similarly supports the court's determination that Plaintiffs "failed to make any effort to get the information from the obvious source — CCC" — and failed "to establish the potential relevance of the contract between GEICO and CCC."

¶22 On this record, the court did not abuse its discretion by denying Plaintiffs' motion to compel, request for sanctions, and request to extend discovery.

¶23 We also reject Plaintiffs' contention that the court erred by denying their motion to reconsider the denial of their motion to compel based on newly discovered evidence. The "newly discovered evidence" consisted of communications between Plaintiffs' attorney and GEICO's counsel. Plaintiffs' counsel stated that he recalled those communications only after reviewing time records GEICO submitted in support of its fee request.

¶24 To obtain relief based on newly discovered evidence, the moving party must demonstrate that the evidence: (1) is material, (2) existed at the time of trial, (3) could not have been discovered before trial by the exercise of due diligence, and (4) would probably change the result. *Waltner v. JPMorgan Chase Bank, N.A.*, 231 Ariz. 484, 490, ¶ 24 (App. 2013). Evidence a party possessed before judgment is not newly discovered. *Roberts v. Morgensen Motors*, 135 Ariz. 162, 165 (App. 1982). Plaintiffs' counsel admittedly possessed the "newly discovered evidence" before the court ruled. Under these circumstances, the court did not abuse its discretion by denying the motion for reconsideration.

## II. GEICO's Motion for Summary Judgment and Plaintiffs' Rule 56(f) Request

¶25 We review the denial of a Rule 56(f) request for an abuse of discretion. *Grand v. Nacchio*, 214 Ariz. 9, 29, ¶ 73 (App. 2006). We review a grant of summary judgment *de novo*, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the party against whom judgment was entered. *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 528, ¶ 31 (App. 2014).

¶26 At the time Plaintiffs filed their Rule 56(f) request, the rule provided, in pertinent part:

(1) If a party opposing summary judgment files a request for relief and expedited hearing under this Rule, along with a supporting affidavit showing that, for specified reasons, it cannot present evidence essential to justify its opposition, the court may, after holding a hearing:

(A) defer considering the motion for summary judgment and allow time to obtain affidavits or to take discovery before a response to the motion is required;

(B) deny the requested relief and require a response to the motion for summary judgment by a date certain; or

(C) issue any other appropriate order.

(2) Unless otherwise ordered by the court, the filing of a request for relief and affidavit under this section does not by itself extend the date by which the party opposing summary judgment must file a memorandum and separate statement of facts as prescribed in section (c) of this Rule.

(3) No request for relief will be considered and no hearing will be scheduled unless the request for relief is accompanied by a separate statement of counsel seeking the relief certifying that, after personal consultation and good-faith efforts to do so, the parties have been unable to satisfactorily resolve the matter.

**¶27** The "major objective" of Rule 56(f) is "to insure *that a diligent party* is given a reasonable opportunity to prepare his case." *Simon v. Safeway, Inc.*, 217 Ariz. 330, 333, ¶ 6 (App. 2007) (emphasis added). As discussed *supra*, the superior court reasonably concluded that Plaintiffs had not been diligent in pursuing CCC-related information, which Plaintiffs conceded was the only additional discovery they were seeking. In denying Plaintiffs' Rule 56(f) request, the court further noted Plaintiffs' failure to comply with the requirements of the rule or explain "waiting the entire 40-days-plus" to file a Rule 56(f) request.[3]

---

[3] Plaintiffs did not file the required affidavit or certification of counsel with their Rule 56(f) request. They contend their counsel was

**¶28**      The superior court acted within its discretion in denying Plaintiffs' Rule 56(f) request.

**¶29**      We next consider whether the court erred by granting GEICO's motion for summary judgment. "The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

**¶30**      It is undisputed that Plaintiffs failed to timely respond to GEICO's motion. Their Rule 56(f) request did not automatically extend the response deadline. *See* Ariz. R. Civ. P. 56(f)(2) (Unless otherwise ordered, "the filing of a request for relief and affidavit under this section does not by itself extend the date by which the party opposing summary judgment must file a memorandum and separate statement of facts as prescribed in section (c) of this Rule."). Nor was the court required to afford Plaintiffs additional time to respond after denying their non-compliant Rule 56(f) request. *See* Ariz. R. Civ. P. 56(f)(1) (if court denies *properly supported* request, it *may* set date certain for response to pending motion for summary judgment).

**¶31**      Although the failure to respond to a summary judgment motion "cannot, by itself, entitle the movant to summary judgment," *Choisser v. State ex rel. Herman*, 12 Ariz. App. 259, 261 (1970), a party that fails to respond "does so at his peril" because the court may presume that any uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, is true. *Tilley*, 220 Ariz. at 237, ¶ 11; *see also GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 5 (App. 1990) (if party opposing summary judgment fails to present affidavits or evidence controverting moving party's filings, facts alleged by movant may be

unfamiliar with the existing version of Rule 56(f). The rule's requirements, though, were nothing new. Although the rule was amended in 2013 — two years before Plaintiffs filed their request — the amendments largely codified existing law regarding the requisite affidavit. *See, e.g.*, *Lewis v. Oliver*, 178 Ariz. 330, 338 (App. 1993) (movant under Rule 56(f) must, by affidavit, inform "the court of: (1) the particular evidence beyond the party's control; (2) the location of the evidence; (3) what the party believes the evidence will reveal; (4) the methods to be used to obtain it; and (5) an estimate of the amount of time the additional discovery will require.").

considered true.). The superior court did not grant GEICO's motion solely because Plaintiffs failed to respond to it. The court instead found, based on the record before it, that there were no genuine issues of material fact and that GEICO had demonstrated it was entitled to judgment as a matter of law. The court further noted that Plaintiffs' one-page Rule 56(f) request failed to "explain how the information is essential to oppose GEICO's Motion for Summary Judgment."

**¶32** On appeal, Plaintiffs suggest evidence and inferences that *might* have defeated summary judgment, had they been properly presented.[4] But reviewing the grant of summary judgment based on the evidence before the superior court when it ruled, *Phx. Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289, 292 (App. 1994), the court did not err by granting GEICO's motion. And contrary to Plaintiffs' assertion at oral argument before this Court, their motion for new trial did not bring to the court's attention certain admissions in GEICO's answer that Plaintiffs now assert should have prevented summary judgment. "In ruling upon motions for summary judgment, the trial court is required to consider only those portions of the record which are brought to its attention by the parties." *Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 176 (App. 1987), *superseded by statute on other grounds stated in Goodman v. Samaritan Health Sys.*, 195 Ariz. 502, 508 n.7, ¶ 25 (App. 1999); *see also Mast v. Standard Oil Co. of Cal.*, 140 Ariz. 1, 2 (1984) (Courts are not "required to perform counsel's work by searching the record to attempt to discover facts which establish or defeat the [summary judgment] motion.").

### III. Motion for New Trial and Motion for Reconsideration

**¶33** Plaintiffs moved for a new trial pursuant to Rule 59 and filed a motion for relief under Rule 60(c), asserting mistake, inadvertence or excusable neglect. The superior court denied both motions. We review its rulings for abuse of discretion. *See Tilley*, 220 Ariz. at 238, ¶ 16 (Rule 59); *Tovrea v. Nolan*, 178 Ariz. 485, 490–91 (App. 1993) (Rule 60(c)).

---

[4] Plaintiffs incorrectly suggest there was *evidence* before the superior court that refuted GEICO's properly documented motion for summary judgment and statement of facts. At most, there were allegations and arguments of counsel, neither of which is competent evidence to defeat summary judgment. *See, e.g., Cmty. Am. Mortg. Corp.*, 165 Ariz. at 5 (unsworn and unproven assertions are not facts a trial court can consider in ruling on a motion for summary judgment).

**¶34** As we have discussed *supra*, the court neither abused its discretion by entering summary judgment without a response nor misinterpreted Rule 56(f), as Plaintiffs contend. And Plaintiffs have waived any appellate argument predicated on Rule 60(c) because they have developed no argument regarding that rule. "Merely mentioning an argument in an appellate opening brief is insufficient." *MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011). Issues not clearly raised and argued on appeal are waived. *Jones v. Burk*, 164 Ariz. 595, 597 (App. 1990).

## IV. Fee Award

**¶35** The court awarded GEICO attorneys' fees pursuant to A.R.S. § 12-341.01(A), which authorizes a fee award to the successful party in "any contested action arising out of a contract." Although GEICO requested $138,691 in fees, the court awarded only $16,500. Plaintiffs contend the court erred by awarding *any* fees. In its cross-appeal, GEICO argues the court erred by substantially reducing its fees.

**¶36** In considering the amount of a fee award under A.R.S. § 12–341.01, we review for an abuse of discretion. *Fisher v. Nat'l Gen. Ins. Co.*, 192 Ariz. 366, 370, ¶ 13 (App. 1998). We consider whether "a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason." *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571 (1985). We will uphold the superior court's decision if any reasonable basis supports it, *Fulton Homes Corp. v. BBP Concrete,* 214 Ariz. 566, 569, ¶ 9 (App. 2007), viewing the record in the light most favorable to sustaining the award. *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 587, ¶ 31 (App. 2001).

**¶37** The superior court identified the relevant factors and specifically applied each to the facts of this case. "[T]he question is not whether the judges of this court would have made an original like ruling . . . . We cannot substitute our discretion for that of the trial judge." *Warner*, 143 Ariz. at 571. The court concluded that although the hourly rates were reasonable and GEICO's motion practice "efficient," the requested fees would cause Plaintiffs hardship and would discourage others "similarly situated from litigating similar issues, especially if the damages sought are relatively low." Although the court also mentioned "excessive" redactions in GEICO's fee itemizations, we do not read the fee award as being predicated on that assessment, and, in any event, find no abuse of discretion in awarding a substantially reduced sum based on the relevant factual considerations.

## CONCLUSION

¶38      For the foregoing reasons, we affirm the judgment of the superior court. Both parties request an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 12-341.01. Plaintiffs did not prevail on their appeal, and GEICO did not prevail on its cross-appeal. In our discretion, we deny both parties' fee requests. We also decline to award costs to either party. *See Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 162, ¶ 22 (2016) (declining to award fees or costs where both appeal and cross-appeal were unsuccessful).



AMY M. WOOD • Clerk of the Court
FILED: AA