**TEXTURED YARN CO., Inc.**

v.

**BURKART–SCHIER CHEMICAL COMPANY, Inc., Loftex, Inc., Nathaniel A. Gladding, Jr., Kelco Company, William J. Kelly, Jr., Andrew J. Kelly, Elizabeth H. Varner, Fred K. Johnston, Jr., and L. W. Stallings.**

**Civ. A. No. 4693.**

United States District Court
E. D. Tennessee, S. D.

July 20, 1966.

---

Spears, Moore, Redman & Williams, Chattanooga, Tenn., for plaintiff.

Witt, Gaither, Abernathy & Wilson, Chattanooga, Tenn., for Burkart-Schier Chemical Co.

Stophel, Caldwell & Heggie, Chattanooga, Tenn., for all other defendants.

## OPINION

FRANK W. WILSON, District Judge.

This case is before the Court upon the motion of the plaintiff for a protective order with respect to discovery. The plaintiff seeks to have all further discovery in this case retained in confidence pending the trial of the case. The basis of the motion is the plaintiff's contention that the defendants have wrongfully appropriated one or more of the plaintiff's trade secrets and that a protective order is needed to protect the plaintiff from disclosure of its trade secrets in the course of discovery.

The defendant resists the motion for a protective order upon the following grounds:

(1) That the motion is not timely in that discovery has heretofore been taken in the case;

(2) That the plaintiff's claims with respect to trade secrets are without merit;

(3) That any protective order should be limited to the trade secrets claimed by the plaintiff to have been wrongfully taken by the defendant and in the absence of a more definitive statement by the plaintiff of the said trade secrets, no order should or lawfully can be entered; and

(4) That any order forbidding free disclosure of discovery by the defendant Loftex to its customers would result in destruction of the defendant Loftex's business prior to trial of the case.

 With respect to defendant's first contention as to the timeliness of the present motion, the Court is of the opinion that this objection does not constitute a basis for denial of a protective order with regard to future discov-

ery in the case. It is represented by each party that no disclosure of trade secrets has been made in discovery heretofore taken. With respect to the defendant's second objection, namely the lack of merit in the plaintiff's claims to trade secrets, this is one of the ultimate issues in the lawsuit and unless this issue could properly be decided upon a motion for summary judgment, it would be improper for the Court to deny a protective order on the basis of the lack of merit of the plaintiff's contentions with regard to trade secrets. With respect to the defendant's objection that any protective order should be limited to the trade secrets claimed by the plaintiff only after adequate definition by the plaintiff of such claimed trade secrets, the Court is of the opinion that this contention is without merit in the context of this case. The existence of any trade secrets owned by the plaintiff is disputed. A protective order limited to trade secrets, to be effective would require adjudication of the trade secret issue, in the absence of stipulation by the parties with regard to the definition of the trade secrets alleged to be involved. Furthermore, a protective order limited to trade secrets would require separation and discovery of the matters deemed or adjudicated to be related or non-related to the trade secret issue, thus presenting a practical problem of considerable proportion. With regard to the authority of the Court in granting protective orders, it is clear that the Court is vested with broad discretion in this regard under Rule 30(b), Federal Rules of Civil Procedure. International Nickel Co. v. Ford Motor Co., (S.D.N.Y., 1954) 15 F.R.D. 392; American Security Co. v. Shatterproof Glass Corp., (D.C. Dela., 1957) 20 F.R.D. 196; United States v. Standard Oil Co., (S.D.N.Y., 1958) 23 F.R.D. 1; Barron & Holtzoff, Federal Practice and Procedure, Sec. 715.

■ Finally, the Court has carefully considered the defendant Loftex's contention that its business would be destroyed were a protective order to be granted. While the Court can fully appreciate the adverse effect of pending litigation upon the said defendant's business, it is difficult for the Court to see how a protective order with respect to disclosure made in discovery increases the defendant's problems in the sale of its products. The defendant Loftex states that it needs to be able to assure its customers of a continuing supply of yarn in order to compete in the market and to assure its customers with regard to their non-involvement in the present litigation. This is readily understandable, but how the disclosure of discovery is related to these problems is not so understandable. It would appear that the defendant's problems in this regard can better be met by an early adjudication of this lawsuit rather than publication of discovery. Any reasonable request for expediting the trial of this case will accordingly receive prompt and favorable consideration by the Court.

■ The Court is of the opinion that a protective order should be granted. Each of the defendant's objections is directed principally to the scope of the protective order as requested in paragraph 2 of the plaintiff's motion. The defendants appear to make no serious objection to the protection as requested in paragraphs 1, 3, 4 and 5 of the plaintiff's motion. The Court is accordingly of the opinion that a protective order should be entered as requested in paragraphs 1, 3, 4 and 5 of the plaintiff's motion. The Court is of the opinion that in lieu of paragraph 2 as contained in the plaintiff's motion, the order should contain the following provision:

2. That all parties and their counsel are required to maintain all testimony hereinafter given in discovery in confidence and not disclose the same prior to the trial of the cause, provided (1) that this restriction shall not apply to any disclosure of discovery to a party in this litigation or to any legal counsel herein; (2) that this restriction shall not apply to any witness, including any party here-

to, with respect to testimony given by such witness; and (3) that this restriction shall not apply to any disclosure reasonably necessary to the preparation for trial of this litigation.

In addition to the foregoing restrictions, the order shall contain the following provisions:

6. Any party may at any time petition the Court to be relieved of the restrictions here imposed with respect to any testimony or portion of testimony hereinafter taken in discovery upon a proper showing that such testimony does not relate to the disclosure of trade secrets claimed to be involved in the litigation.

7. The restrictions imposed by this order shall apply only to discovery taken after the entry of this order.

An order will enter accordingly.