Gar C. GRAHAM, also known as Garbeth Graham and Garbeth Columbus Graham, Petitioner,

v.

The DISTRICT COURT OF the State of Oklahoma, SEVENTH JUDICIAL DISTRICT, OKLAHOMA COUNTY, and Honorable Jess I. Miracle, Assigned District Judge, Respondents.

No. 49182.

Supreme Court of Oklahoma.

April 15, 1976.

Clarence P. Green, Mickey James, of Green & James, Oklahoma City, for petitioner.

George Miskovsky, Sr., of Miskovsky, Sullivan & Miskovsky, Oklahoma City,

Raymond C. Ploetz, of Grathwol, Ploetz, Oberhauser & Nodland, Excelsior, Minn., for respondents.

IRWIN, Justice:

Richard A. Peterson (plaintiff), filed an alienation of affection suit against Gar C. Graham (defendant). Defendant filed a demurrer to plaintiff's petition and motion for summary judgment. The trial court has yet to rule on either. Plaintiff, by subpoena, served notice to take defendant's deposition. Defendant moved to quash the deposition, and in the alternative, requested a continuance on the grounds that he, an associate district judge, was conducting a jury trial.

At a hearing before the respondent judge, the Honorable Jess I. Miracle, defendant's motion to quash and request for a continuance were overruled. At the same hearing, defendant's counsel sought and got permission to present to the court his motion for a protective order concerning the taking of defendant's deposition. The requested order was to prohibit the presence of the press or any other person(s) except the deponent, the parties, and their counsel, the judge and the reporter. The requested order also sought to prohibit the parties or their attorneys from disclosing the substance of the deposition, or any questions asked or answers given. The trial court overruled the motion for a protective order. Defendant filed with this Court his Application to Assume Original Jurisdiction together with Petitions for Writs of Mandamus and Prohibition. For reasons which will be more fully explained, we assume original jurisdiction, but refuse to issue the requested writs.

Defendant's motion for a continuance has been rendered moot. The only question with which we need concern ourselves is the defendant's right, or lack thereof, to a protective order. The question is one of first impression in this jurisdiction.

Plaintiff suggests that the issue is not whether depositions are open or closed hearings, but the power of the court to declare a deposition hearing to be closed absent statutory authority to do so. The Oklahoma law addressing the discovery devise of interrogatories expressly empowers the court, on motion of the interrogated party, to "make such protective order as justice may require." 12 O.S.1971, § 549(a). We do not see the question here presented as involving the authority of the trial court. In our opinion the basic issue presented is whether the defendant-deponent may be compelled to give his deposition at an open meeting.

A litigant's right to take the deposition of another party to his lawsuit is clearly secured by 12 O.S.1971, § 434. Although a party may not with impunity refuse to give his deposition, nothing in § 434, or any other statute, requires a deponent to so testify in the presence of the public. On the contrary, we read at least one statutory provision as mandating a high degree of respect for the confidentiality of pretrial testimony secured by way of deposition. 12 O.S.1971, § 442, provides:

"The deposition, so taken, shall be sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the court where the action or proceeding is pending. It shall remain under seal until opened by the clerk by order of the court, or at the request of a party to the action or proceeding, or his attorney."

Our statutory deference for the confidentiality of depositions is no anomaly in the law. The confidentiality of depositions was addressed by the First Congress when it enacted § 30 of the Judiciary Act of 1789, stating, inter alia, that after taking the deposition it " * * * shall * * * be by him the said magistrate sealed up and directed to such court, and remain under his seal until opened in court."

The federal rules of Civil Procedure [28 U.S.C.A. § 26(c)] specifically provide for protective orders granted in the sound discretion of the trial court upon a showing of good cause, limiting the scope of discov-

ery or the manner in which it is conducted. A number of decisions annotated under that section are cases involving the protection of property rights in trade secrets. In those cases, the federal courts have recognized that the unnecessary or premature disclosure of trade secrets would jeopardize if not destroy a party's property rights. *Textured Yarn Co. v. Burkhart-Schier Chemical Co.,* 41 F.R.D. 158 [D.C.Tenn. 1966]. The rule is not limited to cases involving trade secrets. It would appear that Federal Judges have a relatively free hand in fashioning orders where the requisite showing of good cause has been made.

We are impressed by the rationale of two federal decisions. The first is *United States v. United Shoe Machinery Co., of New Jersey,* D.C.Mass., 198 F. 870 (1912), wherein the court said:

"* * * This question is whether the public and the press should be admitted to the taking of depositions for use at a trial not then begun, but which is to take place in the future.

"The question is easily solved upon a consideration of the essential difference between a trial or a judicial proceeding held by an officer with judicial authority, and the merely preliminary step of taking depositions * * *.

"Both common-law judges and juries are compelled to receive testimony in the form of written depositions, and upon such written testimony of witnesses whom they have never seen nor heard may make decisions as to the rights of parties.

"The public has a right to such form of testimony as the law provides shall be received at trials at law or at hearings in equity or upon other judicial proceedings. If judges and juries may not object that they have not seen and heard the witness while he was testifying, the press and public may not object.

"Furthermore, neither at law nor in equity does a deposition become evidence in a case until it is offered by one of the parties; until there is an opportunity for a judicial hearing as to its competency * * *.

"If all is to be made public before it is reduced to final form in writing and before there is an opportunity for a hearing upon the propriety and competency of the testimony, all effective protection against scandal, impertinence, and irrelevancy is practically gone * * *.

"For the court to enforce a rule that the public and the press shall have [a right] to listen before the parties to the case have an opportunity to be heard would be a plain violation of elementary rules of fair play * * *."

The above case led to the adoption in 1913 of 15 U.S.C. § 30, which is applicable only to anti-trust suits brought by the United States and provides for the proceedings to be open to the public.

A more recent case is *Times Newspapers Limited [of Great Britain], v. McDonnell Douglas Corporation,* 387 F.Supp. 189 [D. C.Cal.1974], wherein the court, faced with the First Amendment claim of the petitioner to be present at the taking of depositions, ruled that although the English press had standing to assert the First Amendment protections, their claimed right of attendance at the taking of the deposition could not be sustained. There the court said:

"In sum, this court holds: That depositions before a qualified officer in an equity or law case are not a judicial trial, nor a part of a trial, but a proceeding preliminary to a trial, and neither the public nor representatives of the press have a right to be present at such taking. Until a deposition has been presented to the court [not the Clerk], and ordered opened, it does not become evidence in the case, nor has either party until then an opportunity to be heard upon the question of the competency, materiality, or relevancy of the statements made by the witness, and the public can have no right to know what the

testimony is until the court knows what it is."

■ In Oklahoma, the taking of depositions, either in law or equity, is in no proper sense a trial or a part of a judicial trial. Where a deposition is taken and filed in the case it becomes the property of the court and either party is entitled to its use in the trial of the case, subject, however, to other rules of evidence and statutory requirements. *Smart v. Cain,* Okl., 493 P.2d 821 (1972). No part or portion of defendant's deposition may be read in evidence unless the trial court determines it contains admissions against interests or contradicts or impeaches defendant's testimony. 12 O.S.1971, § 447. The fact that defendant's deposition is to be taken before the district judge who will preside at the trial is not material. When a district judge assumes the duty to take a deposition, he is in the same position and bound by the same rules as any other officer authorized to take depositions. *State ex rel. Westerheide v. Shilling,* 190 Okl. 305, 123 P.2d 674 (1942).

Our statutes are silent concerning who may be present and who may be excluded in deposition hearings. However, our statutes are not silent concerning the confidentiality of the deposition so taken. Sec. 442, supra, requires it be sealed, transmitted to the clerk of the court, and "It shall remain under seal until opened by the clerk by order of the court, or at the request of a party to the action or proceeding, or his attorney." Sec. 442 expresses an unequivocal legislative intent that testimony elicited at a deposition hearing, which may or may not be admissible at the trial, is not available for public inspection or examination. If a deposition is not avalaible for inspection and examination after it has been transmitted to the clerk of the court, § 442 may not be construed as requiring a defendant-deponent to give his deposition in the presence of "the public." The right of plaintiff to take a deposition under § 434 must be construed in connection with the right of the defendant-deponent to have the confidentiality of his testimony respected as required by § 442.

■ We hold that where a plaintiff seeks to take defendant's deposition and at the deposition hearing there are people who would be classified as "the public", defendant-deponent may properly refuse to give his deposition in the presence of "the public." We also hold that where a motion for a protective order is timely made, a trial court may properly issue a protective order barring "the public" from a deposition hearing.

■ We refuse to issue a writ in the case at bar directing the respondent to exclude from the deposition hearing "the public." However, if plaintiff again seeks to take defendant's deposition, defendant may properly request of the court an order excluding from the deposition hearing "the public", or in the alternative, defendant may properly refuse to give his deposition in the presence of "the public."

■ Defendant's request for a protective order prohibiting the disclosure of the deposition or information obtained at the deposition hearing to the public presupposes a misuse of the same. This Court will indulge no such presumption and it will not promulgate an advisory opinion concerning what constitutes proper use or misuse. However, upon proper application and for good cause shown, a trial court should in the exercise of sound discretion, issue a protective order, to prevent the misuse of a deposition or information obtained at a deposition hearing.

Application to assume original jurisdiction granted; Petition for writ of mandamus denied.

All the Justices concur.

WILLIAMS, C. J., and BARNES, SIMMS and DOOLIN, JJ., having certified their disqualifications in this case, BLISS, J., Court of Criminal Appeals; REYNOLDS and ROMANG, JJ., Court of Appeals, Div. 1, and SAM W. WILLIAMS, District Judge, Grady County, were appointed to serve in their stead.