717 P.2d 872

**LEWIS R. PYLE MEMORIAL HOSPITAL; Mark Ivey, Jr., M.D.; Robert A. Sorgen, M.D.; Jerome H. Mills, M.D.; Alfonso Munoz, M.D.; Harold M. Mayo; Carroll R. Brown; Raymond K. Schmidt; Mort H. Baskin; Robert P. Donovan; Bernice Gurd, R.N., Petitioners,**

v.

**SUPERIOR COURT OF ARIZONA, In and For the COUNTY OF GILA; Hon. E.D. McBryde, a Judge assigned thereto; David Bruce Gilbert, M.D., the Real Party in Interest, Respondents.**

No. CV–86–0030–SA.

Supreme Court of Arizona, En Banc.

April 7, 1986.

Fennemore, Craig, von Ammon, Udall & Powers by John D. Everroad, Scott M. Finical, William T. Burghart, Phoenix, for petitioner Lewis R. Pyle Memorial Hosp.

Jack J. Rappeport, Lesher & Borodkin, P.C. by Robert O. Lesher, Tucson, for respondent real party in interest David Bruce Gilbert, M.D.

GORDON, Vice Chief Justice.

A petition for special action was filed on behalf of petitioners, Lewis R. Pyle Memorial Hospital, et al, on January 20, 1986. We accepted jurisdiction in order to review a pretrial ruling by respondent judge which held that civil pretrial depositions are not open to the public and which imposed monetary sanctions on petitioners. We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(1).

The facts are as follows. David Bruce Gilbert, M.D., the real party in interest, had his staff privileges suspended at the Lewis R. Pyle Memorial Hospital based upon the findings of a peer review investigation. Gilbert filed a superior court action in Gila County which asserted claims relating to the suspension of his privileges at the Payson hospital. *Gilbert v. Lewis Pyle Memo-*

*rial Hospital, et al.*, No. CIV–74–784 (Pyle Hospital case). Following an independent investigation, the Board of Medical Examiners of the State of Arizona ("BOMEX") revoked Gilbert's license to practice medicine. Gilbert filed a superior court action in Maricopa County challenging the revocation of his license. *Gilbert v. Board of Medical Examiners of the State of Arizona, et al.*, No. C–588904 (BOMEX case). Gilbert has the same counsel in both actions, while counsel for petitioners in the instant action is also counsel for two of the defendants in the BOMEX case, but is not counsel for BOMEX.

On August 13, 1984, the trial court in the BOMEX case entered a minute entry which set a trial date for May 6, 1985, and ordered all discovery to be complete by 5 p.m. on April 1, 1985. On April 4, 1985, petitioners served a notice on Gilbert per Ariz.R. Civ.P. 30(b), 16 A.R.S.,[1] setting a deposition of Gilbert in the *Pyle Hospital* case. The deposition was scheduled for April 11, 1985, at the petitioners' office in Phoenix.

Counsel for petitioners telephoned Gilbert's Tucson-based counsel on April 10, 1985, to confirm the time and place of the deposition. According to Gilbert's counsel, petitioners' counsel asked if there would be any objection to the presence of BOMEX counsel at the deposition. The BOMEX counsel apparently was not representing anyone in the Pyle Hospital case. Gilbert's counsel allegedly objected since the time for discovery in the BOMEX case had expired. Petitioner's counsel denied he agreed to exclude counsel for BOMEX.

On April 11, 1985, at the designated hour, Gilbert and his counsel appeared at the deposition. Petitioners' counsel indicated that counsel for BOMEX was present but would simply observe and not participate in the deposition. Gilbert relied on his counsel's advice and refused to participate unless counsel for BOMEX was excluded from the deposition. Petitioners' counsel apparently stated to Gilbert that a deposition is an open proceeding or public hearing unless closed by court order. Gilbert's counsel disagreed. In an effort to resolve the dispute counsel for petitioners offered to call respondent judge. Counsel for Gilbert refused to participate in a telephone conference, refused to state his objections on the record and walked out of the proceeding with his client.

On April 12, 1985, petitioners filed a Motion for Sanctions for Failure to Permit Deposition pursuant to Rule 37(d).[2] The motion sought alternatively (1) a dismissal of Gilbert's action against petitioners, (2) preclusion of Gilbert's testimony at trial, or (3) an order requiring Gilbert to appear and give testimony at a deposition. The motion also sought attorney's fees and costs incident to the thwarted deposition and the motion.

On June 11, 1985, Gilbert filed a Motion for Sanctions for Not Completing Deposition and Response to Defendant's Motion for Sanctions for Failure to Permit Deposition. This motion requested Rule 37(d) sanctions in the form of attorney's fees and costs.

On December 18, 1985, having heard oral arguments on the motions, the respondent judge entered the following minute entry:

---

1. The rules of Civil Procedure will hereinafter be referred to as Rule ——.

2. Rule 37(d) provides:
   "If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
   The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)."

"IT IS THE OPINION AND FINDING OF THE COURT that a pretrial deposition is not open to the public and the rationale for allowing collaboration of litigants is not applicable in this case. IT IS FURTHER ORDERED the Defendants' Motion for Sanctions for Failure to Permit Deposition is denied, and the Plaintiff's Cross-Motion for Sanctions for Not Completing Deposition is granted.

IT IS FURTHER ORDERED the Plaintiff being entitled to an award of reasonable attorney's fees and costs necessitated herein, the defendants shall pay to the plaintiff, as and for his attorney's fees and costs in connection with these Motions, the sum of $2,000.00."

The issues which are before this court are as follows:

(1) Whether the deposition in this case was a private matter, or whether members of the public, specifically a lawyer in another action, may be present over the objection of a party or without court permission.

(2) Whether the deponent was correct in leaving the deposition without testifying, stating his objection on the record or participating in the proposed telephonic conference to respondent judge.

### I.

Petitioners argue that as a general rule attendance at civil depositions is open to the public unless first closed by court order based on good cause. We disagree with such a sweeping rule, admitting that the law in this area is not as well settled as either party asserts. *See* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2041 (1970); 4 J. Moore *Federal Practice* § 26.73 (1984). The bulk of case law in this area involves situations in which the press or members of the general public have sought access to pretrial proceedings, often on First Amendment grounds.

There is a split in federal and state case law in this area. In *Gannett Co. v. DePasquale,* 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979), the Court decided that

there was no constitutional right of the press to attend a pretrial suppression hearing in a murder prosecution. In reaching its decision the Court emphasized, "[T]here exists no persuasive evidence that at common law members of the public had any right to attend pre-trial proceedings; indeed, there is substantial evidence to the contrary." 443 U.S. at 387, 99 S.Ct. at 2909. In a concurring opinion, Chief Justice Burger stated his view regarding modern pretrial procedure:

"... Similarly, during the last 40 years in which the pretrial processes have been enormously expanded, it has never occurred to anyone, so far as I am aware, that a pretrial deposition or pretrial interrogatories were other than wholly private to the litigants. A pretrial deposition does not become part of a 'trial' until and unless the contents of the deposition are offered in evidence."

443 U.S. at 396, 99 S.Ct. at 2914.

More recently the Court in *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), upheld the constitutionality of a protective order against dissemination of discovered information. The Court stated:

"Moreover, pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, *Gannett Co. v. DePasquale,* 443 U.S. 368, 389, 99 S.Ct. 2898, 2910, 61 L.Ed.2d 608 (1979), and, in general, they are conducted in private as a matter of modern practice. See *id.,* at 396, 99 S.Ct., at 2913–2914 (BURGER, C.J., concurring); Marcus, Myth and Reality in Protective Order Litigation, 69 Cornell L.Rev. 1 (1983). Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."

467 U.S. at 33, 104 S.Ct. at 2207–2208 (footnote omitted).

There is only one statutory authority of which this court is aware which deals directly with public access to deposition proceedings. The Publicity in Taking Evidence Act of 1913, codified at 15 U.S.C. § 30, provides that depositions in anti-trust suits brought by the United States "shall be open to the public as freely as are trials in open court." A review of the origin and history of the Act undercuts the argument that there is a traditional right of public access to depositions. Marcus, *"Myth and Reality in Protective Order Litigation,"* 69 Cornell L.Rev. 1, 39 (1983). Clearly this statute is not applicable to this action.

■ There is no doubt that there exists a common law right of access to civil trials. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Craig v. Harney,* 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546, 1551 (1947) ("what transpires in a courtroom is public property"). *See also* Rule 77(d). However, no such blanket rule exists for pretrial depositions. Even though information may be discoverable per Rule 26(b)(1), such information is not ordinarily public information until introduced into evidence or filed with the clerk of the court. *Seattle Times Co. v. Rhinehart, supra; Times Newspapers Limited v. McDonnell Douglas Corporation,* 387 F.Supp. 189, 197 (C.D.Cal.1974) ("the public can have no right to know what the testimony is until the court knows what it is"); *Graham v. District Court of the State of Oklahoma, Seventh Judicial District,* 548 P.2d 1010 (Okla.1976).

■ Petitioner also argues that Rule 26(c)(5)[3] contemplates that depositions in a civil proceeding will take place in the open public, the reason being that if the public

cannot attend depositions Rule 26(c)(5) would be rendered meaningless. We disagree with this analysis and believe that this rule is to be applied when the parties cannot agree between themselves as to who may be present. The vast majority of time questions as to who may be present at a deposition will be routinely handled by attorneys without judicial intervention. The parties may agree to allow the public to be present at depositions, which usually take place at attorneys' offices, a private setting. We do not read the rule to mean that since an order may be obtained to exclude persons then *ipso facto* everyone, the public and press, is entitled to attend absent an order to the contrary. *See Palm Beach Newspapers v. Burk,* 471 So.2d 571, 580 (Fla.App.1985) (Letts, J., concurring).

■ We have had occasion to interpret the exclusionary power of Rule 26(c)(5), *Montgomery Elevator Co. v. Superior Court,* 135 Ariz. 432, 661 P.2d 1133 (1983), and recognized that although rare, unusual circumstances existed to exclude parties from depositions. If *parties* can be excluded certainly nonparties, such as counsel for BOMEX, can be excluded if the requisite showing of good cause can be made in a motion for a protective order. Such circumstances will obviously vary and we need not attempt to imagine situations where the rule will apply since the good cause standard gives courts very broad discretion to tailor protective provisions to fit the needs of the case. *See* Marcus, 69 Cornell L.Rev. at 2; 8 C. Wright and A. Miller, *supra,* § 2036, at 269 (emphasizing that court has complete control over discovery process and may be inventive as necessities of particular case require). We hold that as a general rule pretrial depositions are not public proceedings.

---

**3.** Rule 26(c) provides:

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the county where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including

one or more of the following: ... (5) that discovery be conducted with no one present except persons designated by the court; ....

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion."

## II.

We now focus on the major question presented by the facts of this case. Assuming that Gilbert did have the right to exclude counsel for BOMEX from his deposition, what rights and/or obligations did he have as a deponent when he objected to the attendance of a nonparty present without his permission but with the permission of the deposing party?

Rule 26(c)(5) clearly allows a court to order that discovery be conducted with no one present except those persons designated by the court. Thus, if a deponent is made aware of the proposed attendance of some unauthorized person, he may apply for a protective order, under Rule 26(c), prior to the scheduled deposition. Where, as here, the deponent is not made aware of the presence of a third party in advance or believes there will not be a third party present, Rule 30(d) provides continued protection. Rule 30(d) states:

"At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the county where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion."

Thus, in this case, if, as he argues, Gilbert believed that the deposition was being conducted in bad faith, or as a means of circumventing the discovery deadline in the Maricopa County case against BOMEX, he had the right to demand that the deposition be suspended for the time necessary to allow him to make a motion for a protective order excluding counsel for BOMEX. Here, instead of registering his objections on the record and demanding that the deposition be suspended in order that he might apply for a protective order, Gilbert and his attorney simply walked out of the deposition.

In addition, Rule 37(d) specifically states that a deponent's failure to act may not be excused, on the ground that the discovery sought is objectionable, unless he has applied for a protective order as provided by Rule 26(c). *See* 8 C. Wright & A. Miller, *supra*, § 2116, at 430. The fact Gilbert believed the deposition was being conducted in bad faith or in circumvention of the BOMEX case did not allow him to simply walk out in the manner he did. The rules clearly provide for situations such as this which unfortunately occur and Gilbert did not even attempt to comply with them.

The fact that Gilbert had appeared at his deposition as scheduled did not bar the petitioners from moving for sanctions under Rule 37(d). In *Gulf Homes, Inc. v. Beron,* 141 Ariz. 624, 688 P.2d 632 (1984), this court stated:

"When it is obvious that a deponent has no intention of answering legitimate questions asked at a deposition, it should be no excuse that the deponent is physically present. Once the trial court finds that the conduct is the same as if he did not attend at all, Rule 37(d) provides that sanctions may be imposed."

141 Ariz. at 627, 688 P.2d at 635.

We hold that a deponent may not refuse to be deposed or leave a deposition without complying with the rules. Specifically he must seek a protective order under Rule 26(c) either prior to the deposition or per Rule 30(d) *if the need arises at the* deposition. Since Gilbert failed to comply with the rules we believe the trial court abused its discretion in assessing $2,000.00

in attorney's fees in his favor. The order of December 18, 1985 is vacated.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.