7 P.3d 118

STATE of Arizona, ex rel., Richard M. ROMLEY, Maricopa County Attorney, Petitioner,

v.

The Honorable Steven D. SHELDON, of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Judge,

Eddie Ray Thompson, Real Party in Interest.

No. 1 CA–SA 00–0103.

Court of Appeals of Arizona, Division 1, Department C.

June 13, 2000.

Review Denied Dec. 5, 2000.

Richard M. Romley, Maricopa County Attorney by Rosa Mroz, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

Law Offices of Daniel R. Raynak, P.C. by Daniel R. Raynak, Phoenix, Attorneys for Real Party In Interest.

## OPINION

TOCI, Judge.

¶ 1 The state asks this court to reverse the trial court's denial of its request to depose Eddie Ray Thompson, a person against whom the state has filed a petition under the Sexually Violent Persons Act ("SVPA"). *See* Ariz.Rev.Stat. Ann. (A.R.S.) §§ 36–3701 to –3716 (Supp.1999). None of the grounds asserted by Thompson to block the taking of his deposition support the trial court's ruling, however, and therefore, we accept jurisdiction and grant the requested relief. *See State ex rel. Romley v. Superior Court*, 184 Ariz. 409, 410, 909 P.2d 476, 477 (1995) (special action jurisdiction is proper to correct trial court's obvious error).

## I. DISCUSSION

### A. Grounds for Jurisdiction

■ ¶ 2 The state asserts that this is a novel legal question, likely to recur, of statewide importance, and related to public safety. It also contends that no equally plain, adequate, or speedy remedy exists by appeal because it has only one opportunity to make its case against Thompson. We agree that this is a legal issue likely to recur. We also agree that the state has no remedy by appeal from the trial court's interlocutory ruling. *See id. See also State ex rel. Gonzalez v. Superior Court*, 184 Ariz. 103, 104, 907 P.2d 72, 73 (1995) (special action appropriate when no adequate remedy and case will guide trial courts' interpretation of statute).

### B. The Merits

¶ 3 The state's petition for the detention of Thompson under the SVPA asserted that he had been convicted in California on separate occasions of unlawful sexual intercourse with a minor and of forcible rape; that he was approaching his release date after serving a sentence in Arizona for possession of narcotic drugs; and that he was suffering from a mental disorder that made him likely to engage in acts of sexual violence to such a degree as to render him a danger to the health and public safety of others. After an evaluation, Dr. Barry Morenz concluded that Thompson suffers from a requisite mental disorder. *See* A.R.S. § 36–3701(5), (7)(b). The trial court granted the state's petition to detain Thompson and ordered a probable cause hearing to determine whether Thompson should be committed for treatment pursuant to the SVPA. *See* A.R.S. § 36–3705.

¶ 4 The state argues now, as it did below, that before trial on the issue of whether Thompson is a sexually violent person, the Arizona Rules of Civil Procedure entitle it to take Thompson's deposition. It seeks to discover factual information; gauge Thompson's demeanor, credibility, and reaction to questioning; determine whether to call him at trial; compare his answers to prior statements; and to determine the issues for trial. The state also contends that it has only one opportunity to prepare for this trial. *See* A.R.S. § 36–3707(C) (if court or jury does not find that the person named in a petition is a sexually violent person, the court shall order his release).

¶ 5 Thompson opposed the deposition on the grounds that the state failed to cite authority permitting the taking of his deposition; that *Allen v. Illinois*, 478 U.S. 364, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986), requires the state to first confer immunity before it deposes a person; and that the civil commitment statute does not allow for the taking of depositions and thus neither should the Arizona SVPA. The trial court, in denying the state's motion, simply stated that it approved the reasons offered by Thompson.

¶ 6 The state moved for reconsideration of the court's ruling. It denied that request.

■ ¶ 7 None of Thompson's reasons given in opposition to the deposition, however, supports the trial court's decision. First, the state did cite authority, specifically A.R.S. § 36–3704(B),[1] to argue that the Rules of

---

1. The statute provides in part that "the Arizona rules of civil procedure apply to proceedings under this chapter."

Civil Procedure apply to SVPA proceedings and that Rules 26 and 30 specifically permit the taking of depositions of parties to a civil proceeding.[2] It also argues that a party may not refuse to be deposed, citing *Lewis R. Pyle Memorial Hospital v. Superior Court*, 149 Ariz. 193, 717 P.2d 872 (1986). In *Lewis*, our supreme court held that "a deponent may not refuse to be deposed or leave a deposition without complying with the rules" allowing for a protective order or other relief if a deposition is being conducted in bad faith or to annoy, embarrass, or harass the witness. *Id.* at 198, 717 P.2d at 877. Similarly, Thompson may not flatly refuse to be deposed.

¶ 8 Second, *Allen v. Illinois* does not require that a state first confer immunity before it may depose a person subject to the SVPA. In *Allen*, the Illinois Supreme Court had already held that *none of Allen's statements to the psychiatrists who would evaluate him under the Illinois SVPA could be used in any later criminal proceeding against him.* 478 U.S. at 367–68, 106 S.Ct. 2988. The United States Supreme Court accepted that holding and then rejected Allen's claim that the SVPA proceedings were themselves criminal in nature and thus that the Fifth Amendment allowed him to refuse to participate in psychiatric interviews. *Id.* at 368, 375, 106 S.Ct. 2988. The Supreme Court affirmed the state court's conclusion that the SVPA proceedings were civil and that the Fifth Amendment privilege was not applicable to the required psychiatric interviews. *Id.* at 375, 106 S.Ct. 2988. *Allen* simply did not address whether a state must offer immunity before it deposes a person who may be designated a sexually violent person.

¶ 9 Third, congruity between the civil commitment statutes and the SVPA is not required. To the contrary, when interpreting the SVPA, this court in *Martin v. Reinstein ex rel. Superior Court* recognized and approved the use of different procedures and rules in SVPA cases than in regular civil commitment cases. 195 Ariz. 293, 311–12, ¶ 57, 987 P.2d 779, 797–98 (1999). As we acknowledged in *Martin*, the legislature may treat persons who are more likely to repeat criminal acts of a sexual nature and who pose a potentially greater danger to the public differently than other classes of mentally ill persons. *Id.* at 311, ¶ 56, 987 P.2d at 797.

¶ 10 Because none of the reasons given by Thompson sustains the trial court's ruling, we hereby vacate the order denying the state's motion to depose Thompson and direct the trial court to grant the motion.

■ ¶ 11 In the special action petition, the state has characterized the trial court's ruling as turning on the fact that, because Thompson's liberty interests were at stake, he had a Fifth Amendment right not to incriminate himself and that the deposition would be duplicative of the mental health evaluations. The record supplied to this court, which does not include transcripts of oral argument on the motions, does not suggest that the trial court relied on these bases for its ruling. Instead, the special action appendix reveals that Fifth Amendment arguments have been made in cases involving other individuals. Only in his response to the state's motion to reconsider did Thompson assert that the state wished to use the deposition to gather evidence to further prosecute him.

¶ 12 We find no authority for the proposition that Thompson can simply refuse to attend a deposition on Fifth Amendment grounds. We have held, however, that the privilege applies in civil proceedings, for example, when responses to requests for admission from a party under Rule 36 might provide information useful in pending criminal proceedings against that party. *See State v. Ott*, 167 Ariz. 420, 425, 808 P.2d 305, 310 (1990). In *Ott*, we noted that a blanket assertion of the privilege is generally not permitted unless each request for admission seeks potentially incriminating evidence. *Id.* at 427, 808 P.2d at 312. Thus, Thompson may assert the Fifth Amendment privilege in response to individual questions that seek incriminating information.

¶ 13 To the extent that Thompson contends that the deposition will duplicate the neces-

---

**2.** Rule 26(a) allows discovery by depositions upon oral examination, although Rule 26(b) allows the court to limit the scope of discovery if it is, for example, unreasonably cumulative or du-

plicative. Rule 30(a) provides, "the testimony of parties ... may be taken by deposition upon oral examination."

sary mental health evaluations, we disagree. The state asserts a number of legitimate grounds for wishing to depose Thompson, which include gauging his demeanor and discovering facts relevant to the SVPA proceedings. We are unwilling to assume that these facts will duplicate any facts sought in the mental health examinations. But even if they are, we are unwilling to concede that the state cannot pose questions in a deposition that may overlap with those posed in a mental examination.

¶ 14 Therefore, we hold that Thompson may not assert the privilege against self-incrimination as a reason to refuse to attend a deposition and that both the SVPA and Arizona Rules of Civil Procedure allow the state to depose him. The state's authority to take a deposition remains subject to the trial court's discretion under Rule 26(b) to limit discovery if it is "unreasonably cumulative or duplicative" or otherwise objectionable under the Rules.

¶ 15 We hereby vacate the trial court's order denying the state's request to depose Thompson and direct the court to enter an order permitting the deposition.

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge, and JAMES M. ACKERMAN, Judge.