NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

COBY KENNETH KEMPTON, *Petitioner/Appellee*,

*v.*

GWENDELYN NICOLE CHAPPELL, *Respondent/Appellant*.

No. 1 CA-CV 18-0700 FC
FILED 8-29-2019

Appeal from the Superior Court in Maricopa County
No. FC2016-050262
The Honorable Brian S. Rees, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Gwendelyn Nicole Chappell, Prescott
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Maria Elena Cruz joined.

**J O N E S**, Judge:

¶1 Gwendelyn Chappell (Mother) challenges the family court's order resolving a child support enforcement action. For the following reasons, we treat Mother's appeal as a petition for special action, accept jurisdiction, and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 In May 2016, Coby Kempton (Father) petitioned to determine child support for the parties' minor child (Child). In November 2017, the family court determined the parties' child support obligations as follows:

- May 1, 2016 to January 1, 2017: Father pays Mother $1,383.04 per month.

- January 1, 2017 to August 1, 2017: Mother pays Father 768.87 per month.

- August 1, 2017 forward: Mother pays Father $1,034.86 per month.

Because the application of this order created an arrearage in Mother's favor, the court ordered "that Mother's child support obligation [would] be $750.00 per month, until Father [was] no longer in arrears." When Mother did not pay any amount of support, Father filed a petition to enforce the child support order.

¶3 Following an August 2018 evidentiary hearing, the family court entered judgment in favor of Father and against Mother for child support arrearages of $17,534.42, plus $1,217.50 in interest. The court found Mother in contempt, set a purge of $3,000, and advised Mother that a warrant for her arrest would be issued if she failed to purge the contempt. Mother did not pay, and a warrant was issued. Mother filed a notice of appeal shortly thereafter. Because contempt orders are not directly appealable, we treat Mother's appeal as a petition for special action. *See Munari v. Hotham*, 217 Ariz. 599, 601, ¶ 7 (App. 2009) (citing *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 18 (App. 2003), and *State ex rel. Romley v. Sheldon*, 198 Ariz. 109, 110, ¶ 2 (App. 2000)). Because there is no remedy by appeal, we accept jurisdiction. *Id.*

**DISCUSSION**

**¶4**          Mother first argues the family court erred by not following a superior court administrative order stating that petitions presenting multiple issues of modification or enforcement should be resolved by the assigned judicial officer rather than a specialty court, such as the Support Enforcement Court.[1]   But the superior court's plan to expedite the processing of petitions to enforce child support orders does not require any such action.  Rather, it states:

> As a **very** general proposition the Specialty Courts adjudicate only specified single issue petitions indicated by the title of the particular Specialty Court if they can be heard within the time constraints of a 45-minute evidentiary hearing, and if no other petitions or issues are pending with the assigned division.

Maricopa Cty. Super. Ct. Admin. Order No. 2007-034 at 31; *see also* Maricopa Cty. Super. Ct. Admin. Order 2007-022 at 4-5, 14.  And even if presented with an "ineligible petition," the specialty court may still "elect . . . to proceed and hear all issues in the petition."  Maricopa Cty. Super. Ct. Admin. Order 2007-022 at 6.  Therefore, even assuming Father's petition to enforce the child support order did not meet the general guidelines for resolution by a specialty court, Mother cannot establish error  because the specialty court chose to proceed with what it perceived to be a straightforward, single-issue petition.

**¶5**          Mother also argues the family court miscalculated her arrears. We review the calculation of support arrearages for an abuse of discretion. *See Ferrer v. Ferrer*, 138 Ariz. 138, 140 (App. 1983).  The court abuses its discretion when the record lacks competent evidence to support the decision.  *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (citing *Fought v. Fought*, 94 Ariz. 187, 188 (1963)).  Such is not the case here.

**¶6**          The record reflects that the family court calculated Mother's arrears using the figures set forth in the August 2018 order, *see supra* ¶ 2, that required her to pay $768.87 per month for the seven months between January and August 2017, and $1,034.86 per month thereafter.   Mother

---

[1]     Father did not respond to Mother's petition.  Although we could regard this failure as a confession of error, *see* ARCAP 15(a)(2); *Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 6 n.1 (App. 2008), in our discretion, we decline to do so, *see Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

suggests she was entitled to an offset for the sums that Father was ordered to pay for support between May 2016 and January 2017. However, she did not request an offset and cites no authority suggesting the court was required to consider *Father's* past child support obligation in determining *Mother's* compliance with the current order. Indeed, requiring an offset as a matter of course would incentivize a parent to ignore her child support obligation simply because the other parent had done so in the past — a scheme that would only harm the child. On this record, we find no error.

¶7            Mother also argues the family court failed to comply with the Arizona Rules of Family Law Procedure because its contempt order does not contain: (1) an express finding that Mother willfully failed to comply with the court order; (2) a recital of facts upon which the contempt finding is based; or (3) an affirmative finding, with supporting facts, that Mother has the present ability to comply with the purge. She also argues the court erred in failing even to consider Mother's ability to pay.

¶8            Arizona Rule of Family Law Procedure 92(e) requires a contempt order to contain "a recital of facts on which the contempt finding is based." The family court complied with this direction when it specifically found Mother "fail[ed] to comply with a valid support order of which [she] had knowledge." And although Rule 92 does not require an express finding that the parent's non-compliance was willful, the court here nonetheless found Mother "willfully failed to make support payments . . . despite her ability to do so."

¶9            Regarding the purge, Rule 92(f)(1) directs the family court to "set conditions for the contemnor to purge the contempt based on the contemnor's present ability to comply." The purge order "must include . . . a separate affirmative finding that the contemnor has the present ability to comply with the purge and that finding's factual basis." Ariz. R. Fam. Law P. 92(f)(2). Mother is correct that the order here does not contain specific findings regarding her ability to pay the purge. We nonetheless find no error warranting relief because the court clearly considered Mother's ability to pay when it found Mother had the financial resources to pay hundreds of dollars towards other debts while ignoring her obligation to support Child and determined the $3,000 purge amount was "not much greater than the rent [Mother] claim[s] to pay." *See Meineke v. GAB Bus. Servs., Inc.*, 195 Ariz. 564, 568, ¶ 21 (App. 1999) ("Because the alleged inconsistency is easily resolved by reference to the record, we do not find any defect in the judgment.") (citing *State v. Bowles*, 173 Ariz. 214, 216 (App. 1992)).

4

¶10 Lastly, Mother suggests the child support order itself was erroneously entered based upon false information provided by Father. The propriety of that order was resolved in *Kempton v. Chappell*, 1 CA-CV 18-0205 FC, 2019 WL 2480204 (Ariz. App. June 13, 2019) (mem. decision), and is not subject to further review by this Court.

## CONCLUSION

¶11 We accept jurisdiction and deny relief.

¶12 Mother requests an award of attorneys' fees and costs but fails to cite any authority suggesting she is entitled to such an award. Accordingly, her request is denied.



AMY M. WOOD • Clerk of the Court
FILED: AA